## Commonwealth v. Vorsteg

*Lawrence P. Dailey,* assistant district attorney, for Commonwealth.
*M. M. Burke* and *P. H. Burke,* for defendant.

HICKS, P. J., February 23, 1932.—This case comes before us upon a certiorari to a justice of the peace of the Borough of Tamaqua, before whom the defendant was found guilty on the charge of reckless driving. He was directed to pay, and did pay, a fine of $15 and costs in the sum of $6. The defendant was charged with violation of section 1001 (a) of The Vehicle Code of May 1, 1929, P. L. 905. The sole exception which we need consider is that of lack of jurisdiction of the justice of the peace, in that the information charging the violation was not "brought before the nearest available magistrate." It is admitted that the justice of the peace was not the nearest available one, there being others available nearer to the place of the commission of the offense. The Commonwealth replies by saying that section 1201 (a) of the Act of May 1, 1929, P. L. 905, known as The Vehicle Code, is unconstitutional, in that no notice was given in and by the title of the act of the provisions of said section 1201 (a), which, therefore, is in direct violation of article three, section three, of the Constitution of Pennsylvania.

Section 1201 (a) of The Vehicle Code, in so far as it affects this question, provides:

"Informations charging violations of any of the provisions of this act, except. in cases where the offense is designated a felony or a misdemeanor, shall be brought before the nearest available magistrate, within fifteen (15) days after the commission of the alleged offense. . . ."

The title of the act, in so far as it could in any way relate to the subject matter of section 1201 (a), is as follows:

"An act for the protection of the public safety; regulating the use of highways, and the operation of vehicles . . . upon the highways . . . prescribing and limiting the powers of local authorities to deal with the subject matter of this act; conferring powers and imposing duties upon . . . peace officers . . . magistrates . . . justices of the peace. . . ."

The district attorney urges in support of his contention that this section is unconstitutional the case of Com. *v.* Marter, 13 D. & C. 688, wherein Hargest, P. J., holds that no notice is given by the title of the act that the authority and jurisdiction of other magistrates, aldermen or justices of the peace is limited or abolished, and that an information charging such an offense may be made before any officer who previously had jurisdiction, because the section is, for lack of notice in the title, unconstitutional and void as in violation of article three, section three, of the Constitution of Pennsylvania. At page 689 the court declares:

"It . . . appears that every alderman of the city and every justice of the peace of the county has jurisdiction of an offense occurring respectively in the city or county, and the effect of section 1201 is to oust every justice of the peace or alderman but one in the city or county of his jurisdiction. The inquiry, then, is whether the title of the act gives notice of such provision. The title provides for 'prescribing and limiting the powers of local authorities to deal with the subject matter of this act.' This would be sufficient notice if it were not for the fact that 'local authorities' are defined in the act to be 'every county, municipal, and other local board or body, having authority to adopt local police regulations under the Constitution and laws of this Commonwealth.' This definition excludes magistrates. There is no other suggestion in the title limiting the authority of magistrates, aldermen or justices of the peace. As to them the title says that the act is 'conferring powers and imposing duties upon' them. Section 1201 is far from either conferring powers or imposing duties upon magistrates. It is taking away the powers which the aldermen and justices of the peace already have."

We have high personal regard and respect for the legal learning of the writer of this opinion, but we cannot agree to follow him. It is not a question of restricting or limiting the jurisdiction of justices of the peace which gives rise to the exception to the jurisdiction of the justice in the case when complaint is made that the information was brought before the improper court.

We maintain that section 1201 (a) has to do, in its primary purpose, with the performance of a duty by the peace officers charged with the enforcement of the law. It prescribes a duty which a police officer must perform when he desires to prosecute anyone for a violation of the motor laws and declares to him that he shall bring the prosecution or suit before a particular court. Hence, it circumscribes the conduct of the police officer and does not affect the jurisdiction of any justice of the peace either to modify or to limit it. The jurisdiction of any magistrate, following the reasoning of Judge Hargest, is, generally speaking, always limited by the right of selection on the part of a plaintiff or a prosecutor, but, in the truest sense, the jurisdiction of one justice of the peace is not limited over that of another simply because a litigant prefers the latter to the former for some reason. In our view of section 1201 (a) as a prescription of conduct on the part of peace officers, the section is not unconstitutional, for full notice of it is given in the title of the act, "conferring powers and imposing duties upon . . . peace officers. . . ." Section 1201 (a) declares that a peace officer shall bring the information charging violations of any of the provisions of the act, except in cases where the offense is designated a felony or a misdemeanor, before the nearest available magistrate. That is nothing more than the imposition of a duty upon the peace officer by statute, of which full notice is contained in the title. We prefer the reasoning on this question in the opinion of the court of Lackawanna County in the case of Com. v. Allen et al., 15 D. & C. 43, in which the court held the section constitutional.

This question has never been raised in this court before, although in the following cases the returns were quashed because the informations were not brought before the nearest available justice of the peace: Com. v. Zimmerman, June Term, 1930, No. 707; Com. v. Sweat, September Term, 1930, No. 825; Com. v. Workel, September Term, 1930, No. 99; Com. v. Kumitis, November Term, 1930, No. 1256.

And now, February 23, 1932, the exceptions are sustained, the judgment of the justice is reversed, and restitution of the fine and costs to the defendant is hereby directed.